**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARIETTA CELLARS, INCORPORATED,<br><br>Defendant. | Case No. 15-cv-03020-JSW<br><br>**ORDER DENYING MOTION TO DISMISS AND SCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>Re: Docket No. 13 |

Now before the Court for consideration is the motion to dismiss or stay, filed by Defendant, Marietta Cellars, Incorporated ("Marietta"). The Court has considered the parties' papers, relevant legal authority, the supplemental briefing submitted by the parties, and the record in this case. The Court HEREBY DENIES Marietta's motion.

**BACKGROUND**

On March 27, 2015, Marietta submitted an insurance claim (the "Claim") pursuant to a policy (the "Policy") issued to Plaintiff, North River Insurance Company ("North River"), through North River's claims administrator Fairmont Specialty ("Fairmont"). (Compl. ¶¶ 1-2, 14-16, and Exs. A, B.)

Marietta seeks coverage for the failure of a wood roof at a barrel storage building (the "Storage Building") and the sagging of a wood roof of similar construction at a fermentation building (the "Fermentation Building"). (*Id.* ¶ 1.) Fairmont hired an engineering expert, Seth Bowles ("Bowles"), to investigate the Claim, and Bowles subsequently issued a report that "stated, among other things, that the failure of the roof of the Storage Building, and the weakening of the roof of the Fermentation Building, had been caused by the overloading of wood roof trusses

1  due to certain design defects in the original construction of those buildings in the 1990's." (*Id.* ¶
2  3; *see also id.* ¶¶ 7-8, 32-52 and Ex. C.)

3  North River alleges that the Claim is not covered, and it relies on exclusions contained in
4  certain sections of the Causes of Loss-Special Form ("Special Form") of the Policy, specifically
5  exclusions it has defined as the "Collapse Exclusion" and the "Faulty Workmanship Exclusion."
6  (*Id.* ¶ 5; *see also id.* ¶¶ 19-22.) North River also alleges that Marietta contends that the Claim is
7  covered under the Policy based on the terms of the "Additional Coverage-Collapse" section of the
8  Special Form. (*Id.* ¶¶ 6, 23-24.) Between April 24, 2015 and June 3, 2015, the parties exchanged
9  correspondence about the status of the Claim. (*Id.* ¶¶ 53-66 and Exs. D-G.)

10  On June 29, 2015, North River filed its Complaint in this action, in which it asserts four
11  claims for declaratory relief, each of which seeks a declaration that there is no coverage under the
12  Policy. (*Id.* ¶¶ 67-78.)

13  On October 2, 2015, North River formally denied the Claim. (Docket No. 27, Declaration
14  of Robert D. Hoffman, ¶ 5, Ex. Q.)[1]

15  The Court shall address additional facts as necessary in the analysis.

16  **ANALYSIS**

17  **A.   Applicable Legal Standards.**

18  **1.   Federal Rule of Civil Procedure 12(b)(1).**

19  Marietta moves to dismiss on the basis that the case is not ripe, which implicates this
20  Court's jurisdiction. A motion to dismiss for lack of subject matter jurisdiction under Federal
21  Rule of Civil Procedure 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373
22  F.3d 1035, 1039 (9th Cir. 2004). When a defendant raises a facial challenge to subject matter
23  jurisdiction, a court "must accept as true all material allegations in the complaint, and must
24  construe the complaint in" a plaintiffs' favor. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598
25  F.3d 1115, 1121-22 (9th Cir. 2010).

26  When a defendant raises "factual attack," the moving party questions the veracity of the
27
28  [1]   The Court DENIES Marietta's request to strike this exhibit.

2

1  plaintiff's allegations that "would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff's allegations are questioned by "introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). While the plaintiff typically has the burden of proof to establish subject matter jurisdiction, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40).

### 2.     The Declaratory Relief Act.

North River seeks relief under the Declaratory Relief Act (the "Act") which states, in pertinent part: "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "embraces both constitutional and prudential concerns. A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Government Employees, Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) ("*Dizol*"). This encompasses the requirement that an action be ripe for review. *American States Inc. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1994) ("*Kearns*"). The Act also requires that the lawsuit "fulfill statutory jurisdictional prerequisites." *Dizol*, 133 F.3d at 1222-23.

If a court determines that the constitutional and statutory prerequisites are satisfied, the court then determines whether it is appropriate to entertain the lawsuit. *Id.* This is because, the Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant[.]'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Since its inception, the Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286.

**B.      The Court Denies the Motion to Dismiss.**

Although the parties expend a lot of ink on their competing interpretations of the Policy, the issue the Court must decide is whether an "actual controversy" exists.[2]  If one does, the Court then must determine whether it should, in its discretion, entertain this action.

**1.      Actual controversy.**

Marietta moved to dismiss on the basis that there was no actual controversy between the parties at the time North River filed suit, because North River had not yet denied the Claim.  As set forth above, on October 2, 2015, North River formally denied the Claim.[3]  Marietta argues that the fact that North River has denied the Claim does not render this dispute ripe, because there still are factual issues to be resolved relating to the cause of the loss.  The Court does not find Marietta's arguments persuasive.

"[A] dispute between an insurer and its insured over the duties to defend and indemnify satisfies" the actual controversy requirement of the Act, "whether or not there is an underlying state court action pending." *American National Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015-16 (9th Cir. 1995), *overruled on other grounds by Dizol*, 133 F.3d at 1227.  Although this is a first party dispute about coverage, it raises similar issues, namely the parties' rights and obligations under the Policy.  Although Marietta has not filed a suit in state court against North River for breach of contract, that fact would not dispositive of whether an actual controversy exists.

Based on the correspondence submitted in connection with this motion, it is evident that there is a dispute over the interpretation of the Policy, including an issue raised by Marietta about "hidden decay" as a basis for coverage.  (*See, e.g.,* Docket No. 15, Declaration of Samuel Barnum, ¶ 6, Ex. C; Docket No. 20, Declaration of Robert Hoffman, ¶ 8, Ex. N.)  Further, although there may be disputes about what caused the loss in this case, it is clear that the events that gave rise to

---

[2]      Marietta does not dispute that the statutory prerequisites for jurisdiction are satisfied, because the parties are completely diverse and the amount in controversy exceeds $75,000.

[3]      On September 24 2015, the Court issued an Order requiring the parties to address "why the fact that [North River] has not denied the Claim does not preclude the Court from finding that this case is ripe for adjudication."  (Docket No. 25, Order Vacating Hearing and Requiring Supplemental Briefing at 1:25-26.)  North River's supplemental brief was due, and timely filed, on October 2, 2015, the date it denied the Claim.

the loss have occurred and are not speculative or hypothetical.  *Cf. Triyar Companies v. Lexington Ins. Co.*, No. 12-CV-294, 2013 WL 3280033, at *3 (S.D. Tex. June 27, 2013).  Finally, if an "actual controversy" did not exist at the time the case was filed, based on the denial letter, the Court concludes that it is now ripe and, thus, any defects regarding jurisdiction could be cured by amendment.

Accordingly, the Court DENIES the motion to dismiss on this basis.  However, it will direct North River to file an amended complaint that includes allegations regarding the formal denial of the Claim.

### 2. Discretion.

The next question the Court must address is whether it should exercise its discretion to hear this action.  In order to make that determination, a court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."  *Dizol*, 133 F.3d at 1225; *see also id.*, 133 F.3d at 1225 n.5 (setting forth additional and overlapping factors for court to consider).

With respect to the first factor, the dispute will involve issues of state law and when "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir."  *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1277 (hereinafter "*Robsac*").  The Court finds that factor would weigh in favor of dismissing the case.

However, this is not a situation where there is a parallel state court action pending.  Thus, the "duplicative litigation" factor is not an issue.  In addition, and contrary to Marietta's argument, the hidden decay issue has been raised and will be an issue going forward.  Thus, the Court's interpretation of the Policy and whether the Claim is, or is not, covered will "serve a useful purpose in clarifying the legal relations at issue," and seems likely to "settle all aspects of the controversy[.]"  *Dizol*, 133 F.3d 1225 n.5 (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J. concurring).

With respect to forum shopping, Marietta argues that this action is "reactive."  "[F]ederal courts should generally decline to entertain reactive declaratory actions."  *Dizol*, 133 F.3d at 1225.

However "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.* In addition, unlike the situation in the *Robsac* case, it does not appear that there are concerns about North River trying to obtain a federal forum to pre-empt an otherwise non-removable state court action. *See Robsac*, 947 F.2d at 1372-73. Marietta emphasizes that this is a first-party insurance dispute over coverage, and it has not contested that diversity jurisdiction exists.

The Court has considered the relevant factors and finds that they weigh in favor of exercising jurisdiction over this action.

Accordingly, the Court DENIES Marietta's motion on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court DENIES North River's motion to dismiss. North River shall file an amended complaint by no later than November 20, 2015, and Marietta's answer or other responsive pleading shall be filed and served by December 11, 2015. The parties shall appear for a case management conference on Friday, January 8, 2016, at 11:00 a.m. The parties shall file a joint case management conference statement by no later than December 30, 2015.

**IT IS SO ORDERED.**

Dated: November 10, 2015

JEFFREY S. WHITE
United States District Judge